**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-7668**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY GERRELL MCDONALD,

Defendant - Appellant.

**No. 19-7673**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY BALLARD,

Defendant - Appellant.

**No. 19-7715**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICCARDO MERCELLUS DAVEY,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington and Raleigh.  Malcolm J. Howard, Senior District Judge.  (7:03-cr-00029-H-1; 7:04-cr-00081-H-1; 5:02-cr-00201-H-1)

_____

Argued:  December 8, 2020                              Decided:  January 22, 2021

_____

Before DIAZ, THACKER, and HARRIS, Circuit Judges.

_____

Vacated and remanded by published opinion.  Judge Thacker wrote the opinion, in which Judge Diaz and Judge Harris joined.

_____

**ARGUED:**  Eric Joseph Brignac, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellants. Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Andrew K. Kukorowski, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellants.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

THACKER, Circuit Judge:

Timothy McDonald, Anthony Ballard, and Riccardo Mercellus Davey (collectively, "Appellants")[1] appeal district court orders partially granting their motions for sentence reductions pursuant to Section 404 of the First Step Act. In each case, the district court granted Appellants' motions pursuant to a standard "AO 247" form[2] in which the district court checked the box for "granted" and reduced the term of supervised release on each of Appellants' sentences by one year but did not alter their underlying sentences. In each of Appellants' cases, the district court did not provide any reasoning for its decision. In this appeal, Appellants challenge the district court's lack of reasoning or explanation in its sentencing orders.

For the reasons discussed herein, the orders of the district court are vacated, and the cases are remanded.

I.

A.

The Fair Sentencing Act

In 2010, Congress passed the Fair Sentencing Act, reducing the 100-to-1 cocaine base and powder cocaine disparity in sentencing -- which has been widely viewed as

---

[1] The appeal initially included four appellants, but Appellant Tremayne Darius Faison's case was withdrawn as moot prior to oral argument.

[2] An AO 247 form is a standard order form for motions for sentence reduction pursuant to 18 U.S.C. § 3582(c). It is largely a check the box type of form with space provided for explanation, as necessary.

racially biased and irrational -- to 18-to-1. Thus, the Fair Sentencing Act increased the quantities of cocaine base required to trigger statutory mandatory minimum sentences. Specifically, Section 2 of the Fair Sentencing Act changed the drug weight threshold that triggers a mandatory statutory sentencing range of ten years to life from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; 21 U.S.C. § 841. However, the Fair Sentencing Act was not made retroactive, so generally, defendants who were sentenced under the prior disparate drug amounts could not receive adjusted sentences.

B.

The First Step Act

In 2018, Congress enacted the First Step Act, which gives retroactive effect to the Fair Sentencing Act and allows defendants to bring a motion in district court for a reduction of their sentence pursuant to the Fair Sentencing Act. The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties "were modified by section 2 or 3[3] of the Fair Sentencing Act of 2010" that was "committed before August 3, 2010." First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222. Section 404 of the First Step Act provides, "A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the

---

[3] Section 3 eliminated the mandatory minimum for simple possession and is not relevant to this appeal. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

4

Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

*Id.* § 404(b), 132 Stat. at 5222 (internal citation omitted).

II.

A.

<u>Timothy McDonald</u>

In 2003, Appellant McDonald pled guilty to possessing and conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846. At the time, the statutory range for imprisonment for a violation of § 846 was ten years to life to be followed by five years of supervised release. At his initial sentencing, the district court adopted Appellant McDonald's Presentence Investigation Report ("PSR"). The PSR found Appellant McDonald was responsible for 47.75 kilograms of cocaine base. Per the United States Sentencing Guidelines ("Guidelines"), he had a base offense level of 38, a criminal history category of II, a two-level enhancement for obstruction of justice, and a two-level reduction for acceptance of responsibility. Thus, Appellant McDonald's initial Guidelines sentencing range was 262 to 327 months of imprisonment. Appellant McDonald was sentenced to a within-Guidelines sentence of 276 months of imprisonment and five years of supervised release.

On June 12, 2019, Appellant McDonald filed a motion for a sentence reduction in the district court pursuant to Section 404 of the First Step Act. In relevant part, Appellant McDonald argued:

> Mr. McDonald's case is straightforward, and he is eligible for relief under § 404 of the First Step Act. First, Mr. McDonald's sentence was imposed under a statutory section that was

5

modified by the First Step Act, 21 U.S.C. § 841(a)(1). Second, his cocaine base offense was committed before August 3, 2010 (here, from 1997 to September 4, 2001). *See* Presentence Report at ¶ 1. Third, he was neither sentenced nor resentenced under sections 2 or 3 of the Fair Sentencing Act. Finally, this is Mr. McDonald's first motion under the First Step Act. *See* Act at § 404(c). Mr. McDonald's plea to conspiracy to distribute and possession with intent to distribute at least 50 grams of cocaine base subjected him to a statutory range of 10 to life imprisonment. Now, under section 2 of the [First Step Act], his statutory range is 5 to 40-years' imprisonment; his supervised release term is four years instead of five; and the Guidelines are advisory, not mandatory.

Accordingly, Mr. McDonald respectfully requests that the Court grant this motion to resentence, set this case for a resentencing hearing, and impose a reduced sentence and reduced term of supervised release.

J.A. 36.[4]

The Government responded to Appellant McDonald's motion and acknowledged that he met the parameters under Section 404 of the First Step Act. But the Government nonetheless argued that Appellant McDonald was not entitled to relief and that the district court should exercise its discretion to deny a sentence reduction. The Government argued Appellant McDonald's statutory penalty was not affected by the amendments of the Fair Sentencing Act, and thus, he was not entitled to a sentence reduction. The Government acknowledged that the Fair Sentencing Act changed the threshold weight of cocaine base from 50 grams to 280 grams to trigger the mandatory minimum statutory sentence of ten years to life. However, because Appellant McDonald was found responsible at sentencing for 47.75 kilograms of cocaine, which exceeds 280 grams, the Government argued that the

---

[4] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

6

mandatory minimum would not have been different for Appellant McDonald at his initial sentencing.

In response to the Government, Appellant McDonald argued the district court should exercise its discretion to reduce his sentence for two reasons. First, Appellant McDonald pointed out that the Government's argument that he was ineligible for relief was incorrect because the First Step Act allowed any defendant who was convicted under a statute whose drug weights had changed -- such as 21 U.S.C. § 841 -- to bring a motion for sentence reduction without regard to the actual drug weight attributed to the individual defendant at sentencing. Because Appellant McDonald was charged under such a statute, he argued that he was entitled to bring the motion and that the drug weight found by the sentencing court was of no moment with regard to his eligibility for relief under the First Step Act.

Second, Appellant McDonald argued the district court should consider evidence of his post-sentencing conduct in exercising its discretion to reduce his sentence. Appellant McDonald noted that he was 47 years old and had already served 16 years. Further, Appellant McDonald noted that in his 16 years of incarceration, he received only one disciplinary infraction in 2007 for being in an unauthorized area of the prison. He has had a clean record since 2007 and acquired the lowest possible security classification. Appellant McDonald also paid all court fines, as well as the $1,850 he owed in restitution. Appellant McDonald completed his GED and several health, wellness, and drug treatment classes. Throughout his incarceration, he held steady jobs through UNICOR, the prison job program, and received excellent work reports. Upon release, Appellant McDonald has

7

a re-entry plan to live with his mother and use the job skills he acquired in the textile industry from his years in UNICOR.

Appellant McDonald specifically requested that the district court reduce his sentence from 276 months of imprisonment to 240 months, and his term of supervised release from five years to four years.

On November 4, 2019, in response to Appellant McDonald's motion for sentence reduction, the district court entered only an AO 247 form order with a checkmark indicating that the motion was "granted" and stating, simply, "The term of supervised release is reduced to 4 years." J.A. 59. There was no reduction in Appellant McDonald's term of imprisonment.

B.

Anthony Ballard

In 2005, Appellant Ballard pled guilty to possessing and conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). At the time, the statutory range for imprisonment on the cocaine base charge was ten years to life imprisonment. If a prison sentence was imposed, a term of at least five years supervised release was required by statute on the cocaine base charge, and a term of supervised release not to exceed five years was optional on the firearm charge. Appellant Ballard was sentenced to 204 months of imprisonment -- 144 months on the drug trafficking charge and 60 months on the firearm charge -- to be followed by two concurrent

8

five year terms of supervised release. Appellant Ballard was released from prison on July 10, 2019 and is currently serving his term of supervised release.

On August 9, 2019, Appellant Ballard filed a motion for sentence reduction pursuant to Section 404 of the First Step Act. In relevant part, he argued:

> Mr. Ballard's case is straightforward, and he is eligible for relief under Section 404 of the First Step Act. First, Mr. Ballard's sentence was imposed under a statutory section that was modified by the First Step Act, 21 U.S.C. § 841(a)(1). Second, his cocaine base offenses were committed before August 3, 2010. Third, he was neither sentenced nor resentenced under sections 2 or 3 of the Fair Sentencing Act. Finally, this is Mr. Ballard's first motion under the First Step Act. *See* Act at § 404(c). Mr. Ballard respectfully requests that the Court grant this motion to resentence and reduce his term of supervised release.

J.A. 89–90.

The Government did not oppose Appellant Ballard's sought-after relief of a reduction in his supervised release from five years to four years on his cocaine base possession, but it did oppose the parallel reduction in his supervised release term of five years on his firearm possession.

In response, Appellant Ballard argued that the court should exercise its discretion to grant his motion because of his commendable prison record. Appellant Ballard noted that because he was 48 years old, even a reduction to a four-year term of supervised release would mean he would still be under supervised release into his 50s. While in custody, Appellant Ballard had only one violent infraction in 17 years which occurred early in his prison sentence in 2006. Further, Appellant Ballard earned his GED, paid his restitution, and participated in significant prison programming.

9

On October 31, 2019, in response to Appellant Ballard's motion, the district court entered only an AO 247 form order with a checkmark next to "granted" and stating, "The term of supervised release in [the drug trafficking charge] is reduced to 4 years, concurrent with the 5-year term imposed in [the firearm charge]." J.A. 96. In practical effect, this was no reduction at all.

## C.

### Riccardo Mercellus Davey

In 2003, Appellant Davey pled guilty to conspiring to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The statutory range for his offense at the time was not less than ten years and up to life imprisonment. At his sentencing, the district court found Appellant Davey responsible for 38 kilograms of cocaine base which corresponded to a base offense level of 38. The court also applied a two-level increase for use of a dangerous weapon, a four-level increase for an organizational role, and a three-level decrease for acceptance of responsibility, resulting in a total offense level of 41 with a criminal history category of III. Thus, Appellant Davey's resulting Guidelines sentencing range was 360 months' to life imprisonment. Appellant Davey was sentenced to 360 months of incarceration to be followed by five years of supervised release.

On September 19, 2019, Appellant Davey filed a motion for reduced sentence pursuant to Section 404 of the First Step Act. In relevant part, he argued:

> Mr. Davey's case is straightforward, and he is eligible for relief under § 404 of the First Step Act. First, Mr. Davey's sentence was imposed under a statutory section that was modified by the

10

First Step Act, 21 U.S.C. § 841(a)(1). Second, his cocaine base offense was committed before August 3, 2010 (here, 1992 to July 24, 2002). *See* Presentence Report at ¶ 1. Third, he was neither sentenced nor resentenced under sections 2 or 3 of the Fair Sentencing Act. Finally, this is Mr. Davey's first motion under the First Step Act. *See* Act at § 404(c). Mr. Davey's plea to conspiracy to distribute cocaine base subjected him to a statutory range of 10 to life imprisonment. Now, under section 2 of the FSA, the guidelines are no longer mandatory, his statutory range is 5 to 40-years' imprisonment, and his supervised release term is four years instead of five. Accordingly, Mr. Davey respectfully requests that the Court grant this motion to resentence, set this case for a resentencing hearing, and impose a reduced sentence and reduced term of supervised release.

J.A. 131.

In its response to Appellant Davey's motion, the Government acknowledged that Appellant Davey met the facial requirements for the First Step Act but nonetheless argued that he was not eligible for relief and that the court should exercise its discretion to deny his motion. As it did with Appellant McDonald, the Government argued that because Appellant Davey's initial statutory sentencing range was not affected by the amendments of the Fair Sentencing Act, Appellant Davey was not entitled to a sentence reduction. Because the district court found Appellant Davey responsible for 38 kilograms of cocaine base at sentencing, which is in excess of the 280 gram drug weight amendment of the Fair Sentencing Act, the Government argued that Appellant Davey's statutory mandatory minimum would not have changed. Thus, the Government argued that Appellant Davey was not eligible for relief pursuant to the First Step Act.

Appellant Davey responded to the Government, arguing the statutory sentencing range for his offense did change pursuant to the Fair Sentencing Act because he was

11

charged under 21 U.S.C. § 841, and the Fair Sentencing Act amended the threshold required to trigger a statutory mandate of ten years to life under that statute from 50 grams to 280 grams. Appellant Davey argued that it was the charge under Section 841, not the drug weight found at his sentencing, that made him eligible to file a motion for sentence reduction. Further, because he pled guilty to only 50 grams of cocaine base, Appellant Davey argued that this drug weight was now subject only to a statutory range of five to 40 years of imprisonment, and his Guidelines range was now 360 months to 480 months of imprisonment.

Additionally, Appellant Davey argued the court should exercise its discretion to reduce his sentence due to mitigating post-sentencing conduct. To start, Appellant Davey has had only three minor infractions in the 17 years he has been incarcerated, and he has not had any infractions for three years. He maintains a low security classification and has earned significant good time credit. Also, Appellant Davey has consistently worked throughout his time in prison. For the past ten years, he has held a position as a trash orderly, which has helped him complete payments on his special assessment and to make payments toward his forfeiture judgment. Further, Appellant Davey nearly completed his GED, having passed all of the relevant tests except for math. He has participated in significant prison programming, including educational and vocational courses and drug treatment programming.

Appellant Davey specifically requested that the district court reduce his sentence to 240 months of imprisonment followed by a four-year term of supervised release.

On October 31, 2019, in ruling on Appellant Davey's motion, the district court entered only an AO 247 form order with a checkmark next to the "granted" box, and stated only, "The term of supervised release is reduced to 4 years." J.A. 159. There was no reduction in Appellant Davey's term of imprisonment.

D.

Appeals

After the district court entered its AO 247 form orders, each Appellant appealed, challenging the district court's orders for failing to provide individualized explanations.

III.

"[T]he question of whether a court ruling on a [sentence reduction] motion must provide an individualized explanation is one of law that we consider de novo." *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013).

IV.

A.

"Under § 404(b) of the First Step Act, sentencing courts may 'impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.'" *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) (quoting First Step Act, § 404(b)). "And, when 'imposing' a new sentence, a court does not simply adjust the statutory minimum; it must also recalculate the Guidelines range." *Id.* at 672. Further, "the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." *Id.* at 674.

13

B.

In *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018), the Supreme Court considered whether district courts were required to provide a detailed explanation of the reasons underlying the grant or denial of a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that -- in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In *Chavez-Meza*, the district court granted the petitioner's motion for sentence reduction and lowered the petitioner's sentence, albeit not by the amount requested by the petitioner. *See* 138 S. Ct. at 1967. However, in doing so, the district court entered only an AO 247 form order that certified it had considered the petitioner's motion and the Section 3553(a)[5] factors in making its decision. *See id.* The Supreme Court upheld the district court's use of this form order alone without further explanation for its chosen resentence, noting, "[T]he record of the initial sentencing sheds light on why the court picked a point slightly above the bottom of the reduced Guidelines range when it modified petitioner's

---

[5] Section 3553(a) lists seven factors that a sentencing court is required to consider in its determination of a defendant's sentence. *See* 18 U.S.C. § 3553(a).

14

sentence." *Id.* The Court relied on the fact that the same district court conducted the petitioner's initial sentencing hearing, and thus, the record itself made it clear why the district court adopted its chosen sentence in the second instance. *See id.*

The Court reasoned: "At bottom, the sentencing judge need only 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Chavez-Meza*, 138 S. Ct. at 1964 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The Court emphasized that its holding "is not to say that a disproportionate sentence reduction [may never] require a more detailed explanation. It could be that, under different facts and a different record, the district court's use of a barebones form order in response to a motion like petitioner's would be inadequate," and noted, "[T]he courts of appeals are well suited to request a more detailed explanation when necessary." *Id.* at 1967.

C.

Following the Supreme Court's decision in *Chavez-Meza*, this court considered the level of explanation required by a district court in resentencing where appellants presented extensive post-sentencing mitigating evidence. In *United States v. Martin*, we considered two appellants' motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.[6] 916 F.3d 389 (4th Cir. 2019). Both appellants in *Martin*, Martin and

---

[6] "On November 1, 2014, the Sentencing Commission issued Amendment 782 to its Sentencing Guidelines, which lowered the recommended sentences for certain drug crimes, including the crime [for] which Martin was convicted. *See* United States Sentencing Commission, Guidelines Manual, supp. App'x. C, amend. 782 (2014). At the same time, the Commission promulgated another amendment, Amendment 788, which amended (Continued)

15

Mangual, argued they were eligible for sentence reductions and presented a plethora of post-sentencing mitigating evidence to support their motions. *See id.* at 392–95. Namely, Martin emphasized her extensive coursework in prison, her work tutoring other inmates, and her exemplary behavioral record while incarcerated. *See id.* at 392. For his part, Mangual emphasized his age and health ailments, his exhaustion of educational opportunities in prison, and his creation and teaching of his own course on self-motivation to other inmates. *See id.* at 394.

Although the district court agreed that Martin was eligible for a sentence reduction, it declined to reduce her sentence of life imprisonment. *Martin*, 916 F.3d at 393. In doing so, the district court stated only that based on the § 3553(a) factors and the seriousness of her offense, Martin's sentence should not be reduced. *See id.* The district court did not address Martin's mitigating evidence. *See id.* As for Mangual, the district court agreed that he was eligible for a sentence reduction and reduced his sentence from 268 months to 210 months of imprisonment, although Mangual had argued for a new sentence of 168 months. *See id.* at 394–95. The district court entered an order reducing Mangual's sentence, but as with Martin, it did not acknowledge Mangual's mitigating evidence. *See id.*

At the outset, we stated, "[I]n the Fourth Circuit, when evaluating the sufficiency of a sentencing court's explanation, there is a presumption that the district court sufficiently

_____

§ 1B1.10 of the Guidelines to authorize district courts to apply Amendment 782 retroactively to reduce the length of certain already imposed sentences." *United States v. Martin*, 916 F.3d 389, 392 n.* (4th Cir. 2019).

considered relevant factors in deciding a section 3582(c)(2) motion" (hereinafter, "the *Legree* presumption"). *Martin*, 916 F.3d at 396 (citing *United States v. Legree*, 205 F.3d 724, 729–30 (4th Cir. 2000)). But, because both appellants presented mitigating evidence of post-sentencing conduct, we held that the *Legree* presumption of sufficiency was overcome. *See id.* at 396–97.

We then held that the district court improperly failed to consider the appellants' mitigating evidence:

> The explanation the district court provided upon remand was merely a recitation of Martin's original criminal behavior. That is not the standard that the Supreme Court and the Fourth Circuit articulate for sentence-reduction motions. The district court was content to memorialize Martin's past transgressions without giving any weight to the multitude of redemptive measures that Martin has taken since she was initially sentenced to life in prison. . . . The district court must provide an individualized explanation for why Martin's steps toward rehabilitation are meaningless. On remand, the district court should explain to Martin why her sentence of life imprisonment for a nonviolent drug offense must remain undisturbed despite overwhelming evidence of rehabilitation.

*Id.* at 397.

Notably, although the district court reduced Mangual's sentence, this court also held, "The district court must provide Mangual an individualized explanation as to why his lengthy sentence for a nonviolent drug offense must remain only partially reduced given the significant amount of mitigation evidence that Mangual has proffered post sentencing." *Martin*, 916 F.3d at 398. We emphasized, "[A] district court cannot ignore a host of mitigation evidence and summarily deny a motion to reduce a sentence and leave both the defendant and the appellate court in the dark as to the reasons for its decision." *Id.*

17

D.

We recognize that here, Appellants' sentence reduction motions are made pursuant to 18 U.S.C. § 3582(c)(1)(B), while the motions at issue in both *Chavez-Meza* and *Martin* were made pursuant to 18 U.S.C. § 3582(c)(2). *See* 138 S. Ct. at 1964; 916 F.3d at 398. The Government conceded at oral argument that it is a logical extension to apply *Martin* to 18 U.S.C. § 3582(c)(1)(B) motions. *See* Oral Argument at 11:09–12:44, *United States v. McDonald*, No. 19-7668 (4th Cir. Dec. 8, 2020), https://www.ca4.uscourts.gov/oral-argument/listen-to-oral-arguments (Q: "For this panel, that is bound by *Martin*, is there an argument that *Martin* does not apply to this neighboring subsection of the statute?" A: "I would agree that it is a logical extension."). But the Government argued in the first instance that *Martin* was wrongly decided[7] and further, that the facts of Appellants' cases do not make their cases akin to *Martin* so as to require individualized explanations.

Appellants, on the other hand, argue that their cases are factually similar to the appellants' cases in *Martin*, and therefore, this court should vacate the district court's orders with instructions for the district court to provide individualized explanations consistent with *Martin*. We agree with Appellants.

While "there is a presumption that the district court sufficiently considered relevant factors [in a resentencing motion]," Appellants have overcome this presumption with their

---

[7] First and foremost, we are not of the view that *Martin* was wrongly decided. But, even if we were, as a panel we cannot overturn Circuit precedent. *See United States v. Bush*, 944 F.3d 189, 195 (4th Cir. 2019) ("[T]he panels of this Court are generally bound by our precedent, and this panel is not entitled to reject or alter an earlier panel's ruling, in the absence of a controlling en banc ruling or Supreme Court decision.").

presentation of mitigating evidence. *Martin*, 916 F.3d at 396. Like the appellants in *Martin* who presented evidence of their extensive coursework and exemplary prison conduct, Appellants here presented mitigating evidence that was not available at their initial sentencing hearing. *See id.* ("Evidence of mitigating factors not available at the original sentencing has indeed been used to rebut the *Legree* presumption."). Among other things, in their motions for sentence reductions, Appellants presented evidence that they obtained their GEDs, undertook significant coursework, engaged in prison programming, including drug treatment programs, parenting courses, and health and wellness initiatives, earned good time credit for their good behavior, and earned low levels of security clearance. The presentation of post-sentencing mitigation evidence in each of Appellants' motions is sufficient to rebut the *Legree* presumption that the district court, in fact, considered all of the relevant evidence.

Nevertheless, the Government argues that the post-sentencing conduct of Appellants is unexceptional and does not warrant an explanation from the district court. We disagree. Like the appellants in *Martin*, Appellants here have each spent nearly two decades in prison where, despite lengthy prison terms, they utilized the resources and programming they could access in prison to work toward rehabilitation. Under *Martin*, that kind of post-sentencing mitigating evidence is enough to require a district court to provide an explanation on the record of its reasons for deciding a sentencing reduction motion. *See Martin*, 916 F.3d at 397 ("The district court *must* provide an individualized explanation for why [the appellant's] steps toward rehabilitation are meaningless." (emphasis supplied)). While the district court is still empowered in its discretion to

19

consider the facts of Appellants' original transgressions, the district court must also at least weigh Appellants' conduct in the years since their initial sentencings.

Here, however, it is not at all clear that the district court considered or gave any weight to Appellants' post-sentencing conduct. In fact, each of the district court's orders merely included a single checkmark "granting" the motion and a single sentence noting in Appellant McDonald and Davey's orders, "The term of supervised release is reduced to 4 years," and in Appellant Ballard's order, "The term of supervised release in Count 1 is reduced to 4 years, concurrent with the 5-year term imposed in Count 8." J.A. 59, 159, 97. Because the district court failed to provide any explanation for its decision, it did not meet the requirement of *Martin*. As a result, we cannot provide a meaningful review of the district court's order.

E.

Importantly, our holding today does not postulate about the merits of Appellants' sentence reduction motions. Indeed, there is nothing in the district court's order that would allow this court to meaningfully review the reasonableness of Appellants' new sentences in light of the mitigating evidence they presented, as the district court failed to provide any reasoning for its chosen sentences. It may very well be that on remand, the district court finds the weight of the evidence does not counsel toward reducing Appellants' sentences. But the district court must not "leave both the defendant and the appellate court in the dark

20

as to the reasons for its decision" when a defendant presents post-sentencing mitigating evidence. *Martin*, 916 F.3d at 398.

Therefore, because the district court failed to provide individualized explanations to each Appellant in the face of newly presented, post-sentencing conduct, we vacate the orders of the district court and remand Appellants' cases with instructions to provide explanations for the re-sentencings.

V.

For the foregoing reasons, the district court orders are vacated, and the cases are remanded for the district court to consider Appellants' motions consistent with this opinion.

*VACATED AND REMANDED*