**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7726**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACY MAURICE THOMAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  W. Earl Britt, Senior District Judge.  (4:08-cr-00020-BR-1)

Submitted:  March 5, 2021                    Decided:  March 11, 2021

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Tracy Maurice Thomas, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Maurice Thomas appeals from the district court's order denying his motions for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018 (FSA 2018), Pub. L. No. 115-391, 132 Stat. 5194, 5222.[*] The district court determined that Thomas was eligible for relief under these provisions but declined to exercise its discretion to reduce Thomas' sentence. Because the district court decided Thomas' motions without the benefit of our decision in *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021), we vacate and remand.

We review for abuse of discretion the district court's ruling on Thomas' motions. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

On appeal, Thomas challenges the sufficiency of the district court's explanation for denying his motions. In the analogous context of a sentence reduction motion under 18 U.S.C. § 3582(c)(2), the Supreme Court has explained that a district court need only "set forth enough to satisfy the appellate court that [it] ha[s] considered the parties' arguments and ha[s] a reasoned basis for exercising [its] own legal decisionmaking

---

[*] The district court also denied Thomas' request for relief under § 403 of the FSA 2018, but Thomas confines his appeal to the court's denial of his request for relief under § 404(b).

2

authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The Supreme Court also emphasized, however, that the federal courts of appeals have broad discretion "to request a more detailed explanation [from the district court] when necessary." *Id.* at 1967. After *Chavez-Meza*, we issued our decision in *United States v. Martin*, 916 F.3d 389, 396-97 (4th Cir. 2019), and concluded that a district court is obliged to provide an individualized explanation for denying a § 3582(c)(2) motion when the defendant submits evidence of post-sentencing rehabilitation in support thereof. In our recent decision in *McDonald*, we applied *Chavez-Meza* and *Martin* in the context of a sentence reduction motion filed pursuant to § 3582(c)(1)(B), and § 404(b) of the FSA 2018. 986 F.3d at 408-12. There, we held that a district court must provide an individualized explanation for denying a sentence reduction motion under the FSA 2018 when the defendant presents evidence of his post-sentencing rehabilitation. *Id.* at 412. In making that individualized explanation, the district court may "consider the facts of [a defendant's] original transgressions," but the court "must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[]." *Id.*

Here, the district court declined to reduce Thomas' sentence based on the sentence commutation he had received. Contrary to *McDonald*, the district court's order does not address Thomas' arguments that a sentence reduction was warranted in light of the number of years he had served in prison, his adjustment and rehabilitation in prison, and certain 18 U.S.C. § 3553(a) factors. The court's order also fails to address Thomas' post-sentencing rehabilitation evidence.

Consistent with our broad authority to request a more detailed explanation from the district court, *see Chavez-Meza*, 138 S. Ct. at 1967, we vacate the district court's order and remand so that the district court may reassess Thomas' motions in light of *McDonald*. We deny Thomas' motion to expedite decision and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*