**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7195**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS BROCK,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:05-cr-00116-H-2)

Submitted:  March 10, 2021                           Decided:  March 24, 2021

Before WILKINSON, KING, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Thomas Brock, Appellant Pro Se.  Banumathi Rangarajan, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Brock appeals the district court's order granting in part and denying in part his motion under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Specifically, pursuant to the standard "AO 247" form, the court checked the box for "granted" and reduced Brock's term of supervised release but did not reduce his prison sentence or explain why it denied a reduction. A separate sealed statement of reasons that was only available to the court indicated that his Guidelines range had not changed since it was last recalculated. We previously ordered the parties to submit supplemental briefs addressing the appeal in light of *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020), and we held the appeal in abeyance for *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021). We now vacate the court's order and remand for reconsideration.

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *McDonald*, 986 F.3d at 408-09 (internal quotation marks and citations omitted). "And, when imposing a new sentence, a court does not simply adjust the statutory maximum; it must also recalculate the Guidelines range." *Id*. at 409 (internal quotation marks and citation omitted). Moreover, "the First Step Act does not constrain courts from recognizing Guidelines errors" or "preclude [them] from applying intervening case law"; and "any Guidelines error deemed retroactive . . . must be corrected in a First Step Act resentencing." *Chambers*, 956 F.3d at 668, 672.

"Further, 'the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct.'"

2

*McDonald*, 986 F.3d at 409 (citation omitted). Although we presume that a district court considered relevant factors when deciding a resentencing motion, an appellant rebuts the presumption when the court's failure to provide an individualized explanation renders us unable to provide meaningful review. *Id.* at 410-12; *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (sentencing judge must "'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority'") (citation omitted).

We have reviewed the record and conclude that Brock has rebutted the presumption that the district court considered relevant factors when deciding his First Step Act motion. The court's form explanation for its decision to deny him a reduction in his prison sentence did not reveal whether it correctly understood its obligation under *Chambers* to correct any retroactive Guidelines errors or its authority to vary from the Guidelines. Moreover, the explanation did not reveal whether the court considered his post-sentencing conduct or his argument that a reduction was appropriate because he was no longer a career offender. We therefore conclude that the explanation was insufficient for our meaningful review.

Accordingly, we vacate the district court's order and remand for its reconsideration of Brock's motion and an explanation for its decision in accordance with *Chambers* and *McDonald*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*