# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6647**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SAMOURA JAMES RICHMOND,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:06-cr-00450-LCB-1)

Submitted:  March 31, 2021                Decided:  April 20, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samoura James Richmond appeals from the district court's April 22, 2020, order adopting the recommendation of the magistrate judge and denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018 (FSA 2018), Pub. L. No. 115-391, 132 Stat. 5194, 5222. The district court determined that Richmond was eligible for relief under these provisions but declined to exercise its discretion to reduce Richmond's sentence. Because the district court decided Richmond's motion without the benefit of our decision in *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021), we vacate and remand.

We review for abuse of discretion the district court's ruling on Richmond's motion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

On appeal, Richmond challenges the sufficiency of the district court's explanation for denying his motion.* In the analogous context of a sentence reduction motion under 18 U.S.C. § 3582(c)(2), the Supreme Court has explained that a district court need only "set forth enough to satisfy the appellate court that [it] ha[s] considered the parties'

---

* In light of our decision to vacate and remand, we need not address Richmond's additional contention that the district court abused its discretion here by arbitrarily bypassing its internal procedures for adjudicating FSA 2018 sentence reduction motions.

arguments and ha[s] a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (internal quotation marks omitted). After *Chavez-Meza*, we issued our decision in *United States v. Martin*, 916 F.3d 389, 396-97 (4th Cir. 2019), and concluded that the district court there was obliged to provide an individualized explanation for denying the § 3582(c)(2) motions when the defendants had submitted significant evidence of post-sentencing rehabilitation in support thereof.

In our recent decision in *McDonald*, we applied *Chavez-Meza* and *Martin* in the context of a sentence reduction motion filed pursuant to § 3582(c)(1)(B) and § 404(b) of the FSA 2018. 986 F.3d at 408-12. There, we held that the district court was required to provide an individualized explanation for denying the sentence reduction motions under the FSA 2018 when the defendants presented significant evidence of their post-sentencing rehabilitation. *Id.* at 412. In making that individualized explanation, we stated, the district court may "consider the facts of [a defendant's] original transgressions," but the court "must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[]." *Id.*

Here, the district court denied Richmond's motion without specifically addressing his post-sentencing rehabilitation arguments. Because the court did not have the benefit of our decision in *McDonald* when it ruled on Richmond's motion, we vacate and remand so that the district court may reassess Richmond's motion in light of that decision.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*