**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6072**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES JUDELL CABBAGESTALK, a/k/a Jay,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:02-cr-00213-TLW-1)

Submitted: September 17, 2021            Decided: October 4, 2021

Before AGEE and FLOYD, Circuit Judges, and KEENAN, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

James Judell Cabbagestalk, Appellant Pro Se. Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Judell Cabbagestalk appeals the district court's order denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. In the district court and on appeal, Cabbagestalk argued that he was no longer a career offender, because his offense of conviction, conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, was not a "controlled substance offense" under the Sentencing Guidelines. *See United States v. Norman*, 935 F.3d 232, 237-39 (4th Cir. 2019). Without explicitly addressing this contention, the district court denied his motion in part because he "remains a career offender." On appeal, the Government conceded that his offense of conviction is no longer a controlled substance offense but argued the error did not have to be corrected under *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2020). We previously placed this case in abeyance for *United States v. Lancaster*, 997 F.3d 171 (4th Cir. 2021). In light of that decision, we now vacate the district court's order and remand for its reconsideration of Cabbagestalk's motion.

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (internal quotation marks and citations omitted). "To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of 'intervening case law,' and a brief reconsideration of the factors set forth in § 3553(a)." *Lancaster*, 997 F.3d at 175 (citing *United States v. Collington*, 995 F.3d 347,

2

355 (4th Cir. 2021); *Chambers*, 956 F.3d at 672, 674). "And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing." *Id.* at 175.

"Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing." *Id.* (citations omitted). "Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors." *Id.* "Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances." *Id.* "If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated." *Id.*; *see also Collington*, 995 F.3d at 358 ("courts retain broad authority to decide, following a resentencing analysis, that the originally imposed sentence remains appropriate under the Fair Sentencing Act.").

We review a district court's First Step Act proceedings for procedural and substantive reasonableness. *Collington*, 995 F.3d at 358-61. In addition to recalculating a defendant's Guidelines range in light of intervening case law, procedural reasonableness requires the court "to consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360. "[S]ubstantive reasonableness requires a sentence to be justified under the totality of the circumstances, especially when there is a large deviation from the Guidelines range." *Id.* at 360.

In *Lancaster*, we concluded that the district court "did not conduct the appropriate analysis—understandably, as *Chambers* and our related cases had not yet been decided"; but that failure "might now prove to be material." *Lancaster*, 997 F.3d at 176. The court "did not recalculate the Guidelines sentencing range in light of 'intervening case law'" holding that his offense of conspiracy to traffic in crack cocaine and cocaine powder in violation of 21 U.S.C. § 846 was no longer considered to be a controlled substance offense. *Id.* Since there was "no basis to apply the career-offender enhancement," and the court did not conduct the required analysis, we vacated the court's order and remanded for its further consideration of the defendant's motion after conducting the proper analysis. *Id.*

In light of *Lancaster*, we conclude that the district court procedurally erred here by finding that Cabbagestalk "remains a career offender" and relying on that reason in part to deny his motion, since his offense of conviction is no longer considered to be a controlled substance offense under USSG § 4B1.2(b), in light of *Norman*, 935 F.3d at 237-39.

Accordingly, we vacate the district court's order and remand for its reconsideration of Cabbagestalk's motion after recalculating and considering his Guidelines range without the career offender enhancement, in light of intervening case law and circumstances. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4