**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 20-7105**

———————

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

BOBBY DEMOND PEACE, JR.,

         Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:01-cr-00149-LCB-1)

———————

Submitted:  September 30, 2021           Decided:  October 13, 2021

———————

Before WILKINSON and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael F. Joseph, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Demond Peace, Jr., appeals the district court's order granting in part and denying in part his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5222 ("First Step Act"). The district court determined that Peace was eligible for relief and reduced his supervised release term to four years, but declined to exercise its discretion to reduce Peace's term of imprisonment. Because the court decided Peace's motion without the benefit of our decision in *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021), we vacate and remand.

We review the district court's ruling for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

On appeal, Peace principally argues that the district court abused its discretion when it failed to provide an individualized explanation for its decision. In the analogous context of a sentence reduction motion under 18 U.S.C. § 3582(c)(2), the Supreme Court has explained that a district court "need only set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (internal quotation marks omitted). The Supreme Court also emphasized, however,

2

that the federal courts of appeals have broad discretion "to request a more detailed explanation [from the district court] when necessary." *Id.* at 1967. Following *Chavez-Meza*, we issued our decision in *United States v. Martin*, 916 F.3d 389, 396-97 (4th Cir. 2019), concluding that a district court is obliged to provide an individualized explanation addressing postsentencing rehabilitation evidence proffered in support of a § 3582(c)(2) motion. In our recent decision in *McDonald*, 986 F.3d at 408-12, we applied *Chavez-Meza* and *Martin* in the context of a sentence reduction motion filed pursuant to § 3582(c)(1)(B) and § 404(b) of the First Step Act. We held that a district court must provide an individualized explanation in denying a sentence reduction motion under the First Step Act when the defendant presents evidence of his postsentencing rehabilitation. *Id.* at 412. In providing that individualized explanation, the district court may "consider the facts of [a defendant's] original transgressions," but the court "must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[]." *Id.*

Here, the district court, on a preprinted form, did not check any box indicating whether the reduced sentence was within or above the amended Guidelines range and left blank the section on the form that provided space for a rationale. Nor did the court elsewhere address Peace's argument that a reduction to his term of imprisonment was warranted in light of his postsentencing rehabilitation evidence when it declined to reduce Peace's term of imprisonment. Moreover, the court reduced Peace's supervised release term from five years to four years even though he was no longer subject to supervised release.

Consistent with our broad authority to request a more detailed explanation from the district court, *see Chavez-Meza*, 138 S. Ct. at 1967, we vacate the district court's order and remand so that the court may reassess Peace's motion in light of *McDonald*. In so doing, we express no view as to the merits of Peace's motion or the propriety of First Step Act relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument will not aid the decisional process.

*VACATED AND REMANDED*