**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 20-7700**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES BYERS, a/k/a Charles Lewis, a/k/a Bok,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:01-cr-00304-GLR-2)

───────────────

Submitted:  July 25, 2022                    Decided:  August 9, 2022

───────────────

Before KING, AGEE, and RICHARDSON, Circuit Judges.

───────────────

Vacated and remanded by unpublished per curiam opinion.

───────────────

**ON BRIEF:** James Wyda, Federal Public Defender, Shari Silver Derrow, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.  Shabnam Aryana, Special Assistant United States Attorney, David I. Salem, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Byers appeals the district court's order denying his motion for a sentence reduction under § 404 of the First Step Act of 2018 ("the Act"), Pub. L. No. 115-391, 132 Stat. 5194. Byers contends that, in denying his motion, the district court utilized the form order applicable to motions for compassionate release (Form AO-247) rather than the form applicable to motions for sentence reductions (Form AO-248), and therefore did not understand the basis for his motion. He also contends that the district court did not consider his arguments in favor of a sentence reduction—his relative youth at the time of his offense, modest prior criminal record, and post-conviction rehabilitation, including the numerous classes and programs he completed during his incarceration.

In the order denying Byers' motion, the district court explained that it considered the nature and circumstances of the offense, noting the "extreme violence committed by the defendant and his associates"; that Byers was a "leader of the narcotics organization that cause death and serious bodily injury to others"; and that Byers incurred "disciplinary infractions while serving his present sentence." Although the district court appropriately considered the 18 U.S.C. § 3553(a) factors, it did not demonstrate that it considered Byers' arguments in mitigation. *See Concepcion v. United States*, 142 S. Ct. 2015, __, No. 20-1650, 2022 WL 2295029, *12 (U.S. June 27, 2022) (holding that, although a district court is not required "to make a point-by-point rebuttal of the parties' arguments," it must "demonstrate that it has considered the arguments before it"); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (holding that, when denying a motion for reduction in sentence, the district court may "consider the facts of [a defendant's] original

2

transgressions," but the court "must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[ ]").

Accordingly, we grant Byers' motion to remand, vacate the district court's order, and remand so the court may reassess Byers' motion in light of *Concepcion* and *McDonald*—cases that the district court did not have the benefit of at the time it issued its order. By this disposition, we express no view on the ultimate merits of Byers' motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*