**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-6097

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROGELIO VIDAL SANTILLAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:18-cr-00048-KDB-DSC-14)

Submitted:  May 8, 2023                          Decided:  May 17, 2023

Before KING and WYNN, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Rogelio Vidal Santillan, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rogelio Vidal Santillan appeals the district court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We vacate the district court's order and remand for further proceedings.

We review a district court's ruling on a motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). We have held that "district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). A district court need not address every argument raised by a defendant in a compassionate release motion. *United States v. High*, 997 F.3d 181, 187 (4th Cir. 2021). Instead, "the touchstone must be whether the district court set forth enough to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Id.* at 190 (cleaned up).

Santillan presented three main arguments in his compassionate release motion: (1) health concerns related to Santillan's long-haul covid symptoms and other ailments; (2) family circumstances; and (3) the lack of programming and good-time credits available to undocumented immigrants like himself. The district court's order rejected this third argument, but it failed to mention, let alone address, the other two.

In *High*, we considered several factors in determining that a district court's explanation was adequate. 997 F.3d at 188-89. Particularly significant was that the district

judge who ruled on High's compassionate release motion was the same judge who originally sentenced him, but we also observed that the district court had "added to its original consideration of" the 18 U.S.C. § 3553(a) factors at High's sentencing hearing by discussing his recidivism. *Id.* at 189. We also contrasted High's claims with those of the defendants in *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019), and *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021), noting that High had received no disciplinary infractions and had completed educational courses during his one-and-one half years of incarceration, while the defendants in *Martin* and *McDonald*, who each served nearly 20 years, "had presented a significant amount of post-sentencing mitigation evidence" that required a more detailed explanation by the district court. *High*, 997 F.3d at 190 (cleaned up).

Here, as in *High*, the same district judge who presided over Santillan's sentencing also denied his compassionate release motion. But while Santillan did not present a "mountain of new mitigating evidence" for the court to consider, *see Martin*, 916 F.3d at 396-97, he offered potentially persuasive arguments. And unlike in *High*, the district court did not engage in any analysis of the § 3553(a) factors, ending its inquiry at the lack of extraordinary or compelling reasons. Thus, we conclude that the district court's explanation was inadequate.

Accordingly, we vacate the district court's order and remand for further proceedings. By this disposition, we express no opinion on whether Santillan's additional arguments entitle him to compassionate release, leaving that decision to the district court in the first instance. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*VACATED AND REMANDED*