**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-7283**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD ALLEN SMITH, JR., a/k/a Smitty,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:00-cr-00007-TSK-MJA-1)

_____

Submitted:  October 31, 2023                           Decided: November 15, 2023

_____

Before AGEE and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**ON BRIEF:** Jenny R. Thoma, Research & Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia; Ryan M. Kantor, Hillary C. Rankin, Rakesh Beniwal, Brittney E. Wozniak, MORGAN LEWIS & BOCKIUS LLP, Pittsburgh, Pennsylvania, for Appellant. William Ihlenfeld, United States Attorney, Stephen Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Allen Smith, a federal prisoner, appeals the district court's order rejecting the magistrate judge's recommendation and denying Smith's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. We review for abuse of discretion the district court's denial of Smith's request for compassionate release. *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to follow statutory requirements, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *Id.* (cleaned up).

When deciding whether to reduce a defendant's sentence based on "extraordinary and compelling" circumstances under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the district court decides whether "extraordinary and compelling" circumstances support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the district court considers whether granting a sentence reduction is "consistent with applicable policy statements issued by the United States Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because the Sentencing Commission's policy statement applicable to defendant-filed motions for compassionate release had not been enacted when Smith's compassionate release motion was filed, the district court was "empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). The district court then considers at the third step whether

2

the 18 U.S.C. § 3553(a) factors, "to the extent that they are applicable," favor early release. 18 U.S.C. § 3582(c)(1)(A).

Smith first argues that the district court abused its discretion by finding that Smith did not present extraordinary and compelling reasons for release. But the district court found that, even if Smith had presented extraordinary and compelling reasons for release, the § 3553(a) factors counseled against release. And we "can affirm a district court's compassionate release decision regardless of a flaw in the eligibility analysis if its subsequent § 3553(a) assessment was sound." *Bethea*, 54 F.4th at 833.

When considering the § 3553(a) factors, the district court "must account not only for the circumstances at the time of the original offense but also for significant post-sentencing developments," such as the defendant's rehabilitation efforts. *United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023). The court's "task in weighing compassionate release [is] not to assess the correctness of the original sentence it imposed." *United States v. Bond*, 56 F.4th 381, 385 (4th Cir. 2023), *cert. denied*, 143 S. Ct. 2596 (2023) (internal quotation marks omitted). Rather, courts are asked "to balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other, . . . to determine whether [the] relevant § 3553(a) factors weigh against sentence reduction in light of new extraordinary and compelling reasons." *United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023) (cleaned up). In doing so, district courts must provide enough explanation "to satisfy our court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, so as to allow for meaningful appellate review." *Mangarella*, 57 F.4th at 203 (internal

3

quotation marks omitted). "[H]ow much of an explanation is required . . . depend[s] on the complexity of a given case." *Id.* (internal quotation marks omitted). When a case is "relative[ly] simpl[e]," the requirement to explain the reasons for denying release is satisfied if the order shows that "the district court was aware of the arguments, considered the relevant sentencing factors, and had an intuitive reason" for denying the motion. *High*, 997 F.3d at 191 (cleaned up).

Smith argues the district court failed to set forth enough to show that it considered his arguments and had a reasoned basis for exercising its own legal decisionmaking authority. We agree. Smith, who has been incarcerated for two decades, presented a significant amount of post-sentencing mitigation evidence, which obligates a district court to provide more a robust explanation for finding the mitigation evidence outweighed by other factors. *See United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (holding that appellants had presented enough post sentencing mitigating evidence to require a more robust explanation because appellants had "spent nearly two decades in prison where, despite lengthy prison terms, they utilized the resources and programming they could access in prison to work toward rehabilitation"). Moreover, the judge who presided over Smith's motion for compassionate release was not the same judge who sentenced him. *See Bethea*, 54 F.4th at 834 (noting that district court is less likely to have abused its discretion when judge who imposed initial sentence rules on compassionate release motion); *see also High*, 997 F.3d at 189 (same); *United States v. Jenkins*, 22 F.4th 162, 172 (4th Cir. 2021). In acknowledging Smith's post-sentencing rehabilitation, however, the district court merely stated that Smith's commendable conduct was outweighed by the other § 3553(a)

4

factors.   We conclude that the district court was required to provide a more robust explanation when deciding whether Smith's post-sentencing rehabilitation was outweighed by the other § 3553(a) factors.

Smith also argues that the court abused its discretion because it relied on erroneous factual premises when weighing the § 3553(a) factors.  *See United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021) (noting that a district court abuses its discretion when it relies on erroneous factual or legal premises).   Specifically, when reciting Smith's offense conduct, the court stated that Smith's relevant conduct involved over 500 kilograms of cocaine base.  But Smith was held responsible for 677.1625 *grams* of cocaine base.  And when reciting Smith's criminal history, the court characterized the current offense as Smith's second federal drug case; however, Smith's prior felony drug conviction was a state conviction.

On this record, we cannot conclude that these misstatements of fact were harmless. The district court's primary reason for finding the § 3553(a) factors weighed against release was that the seriousness of Smith's offense conduct and criminal history outweighed the other § 3553(a) factors.   And these facts—the drug weight attributable to Smith and whether his prior drug felony was a federal or state offense—were directly relevant to the severity of Smith's offense conduct and criminal history.

Accordingly, we vacate the district court's denial of Smith's compassionate release motion and remand for further proceedings consistent with this opinion.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no opinion on the merits of the court's denial of Smith's request for compassionate release.

6