# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-6741

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

JOHNNY LEE CHAVIS, JR.,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Senior District Judge. (4:06-cr-00023-RBS-FBS-1)

Submitted: March 23, 2021         Decided: March 26, 2021

Before THACKER, QUATTLEBAUM, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Johnny Lee Chavis, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Lee Chavis, Jr., appeals from the district court's April 24, 2020, order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(B) and § 404(b) of the First Step Act of 2018 (FSA 2018), Pub. L. No. 115-391, 132 Stat. 5194, 5222. The district court determined that Chavis was eligible for relief under these provisions but declined to exercise its discretion to reduce Chavis' sentence. Because the district court decided Chavis' motion without the benefit of our decision in *United States v. McDonald*, 986 F.3d 402 (4th Cir. 2021), we vacate and remand.

We review for abuse of discretion the district court's ruling on Chavis' motion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

On appeal, Chavis challenges the sufficiency of the district court's explanation for denying his motion. In the analogous context of a sentence reduction motion under 18 U.S.C. § 3582(c)(2), the Supreme Court has explained that a district court need only "set forth enough to satisfy the appellate court that [it] ha[s] considered the parties' arguments and ha[s] a reasoned basis for exercising [its] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). The Supreme Court also emphasized, however, that the federal courts of appeals have broad discretion "to request a more detailed

2

explanation [from the district court] when necessary." *Id.* at 1967. After *Chavez-Meza*, we issued our decision in *United States v. Martin*, 916 F.3d 389, 396-97 (4th Cir. 2019), and concluded that the district court there was obliged to provide an individualized explanation for denying the § 3582(c)(2) motions when the defendants had submitted significant evidence of post-sentencing rehabilitation in support thereof. In our recent decision in *McDonald*, we applied *Chavez-Meza* and *Martin* in the context of a sentence reduction motion filed pursuant to § 3582(c)(1)(B), and § 404(b) of the FSA 2018. 986 F.3d at 408-12. There, we held that the district court was required to provide an individualized explanation for denying the sentence reduction motions under the FSA 2018 when the defendants presented significant evidence of their post-sentencing rehabilitation. *Id.* at 412. In making that individualized explanation, we stated, the district court may "consider the facts of [a defendant's] original transgressions," but the court "must also at least weigh [the defendant's] conduct in the years since [his] initial sentencing[]." *Id.*

Here, the district court denied Chavis' motion without specifically addressing his post-sentencing rehabilitation arguments. Because the court did not have the benefit of our decision in *McDonald* when it ruled on Chavis' motion, we vacate and remand so that the district court may reassess Chavis' motion in light of that decision.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3