<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4622**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ARTEMAS TYRELL ROBERTS, a/k/a Artimus Tyrell Roberts,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00173-NCT-1)

Submitted:  February 17, 2012      Decided:  February 24, 2012

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Artemas Tyrell Roberts appeals his 294-month sentence and convictions following a guilty plea to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). On appeal, Roberts argues that the district court erroneously denied his motion to suppress evidence following an alleged illegal search of his residence. Roberts has also filed a motion to remand the case for resentencing in light of the Fair Sentencing Act ("FSA") of 2010. We affirm Roberts's convictions and deny his motion to remand.

Following the denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). A factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). In conducting our review, we give particular deference "to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial

2

motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks and citation omitted). "Because the district court denied the motion to suppress, we construe the evidence in the light most favorable to the government." United States v. Black, 525 F.3d 359, 364 (4th Cir. 2008) (internal quotation marks and citation omitted).

On appeal, Roberts does not challenge the district court's finding that exigent circumstances justified the officers' entry into his residence to conduct a protective sweep. Instead, Roberts asserts for the first time that the officers impermissibly entered the "curtilage" surrounding his residence when they approached the rear door, rather than the front door, to conduct their "knock and talk," thereby violating the Fourth Amendment. Because Roberts failed to raise this argument in his motion to suppress before the district court, our review is for plain error. Fed. R. Crim. P. 52(b). Plain error occurs when: (1) there was an error; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Wilkinson, 137 F.3d 214, 223 (4th Cir. 1998) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

The Fourth Amendment's protection against unreasonable searches extends to the curtilage of a home. Oliver v. United

3

States, 466 U.S. 170, 180 (1984); Rogers v. Pendleton, 249 F.3d 279, 287 (4th Cir. 2001). However, "just as private citizens may approach a home, absent contrary instructions from the owner, to knock on a door, so may the police approach without probable cause, a warrant, or exigency." Pendleton, 249 F.3d at 289. Officers may enter an individual's backyard without a warrant "when they have a legitimate law enforcement purpose for doing so." Alvarez v. Montgomery Cnty., 147 F.3d 354, 358 (4th Cir. 1998). Once on a private individual's property, however, the officers may not "exceed their legitimate purpose for being there." Id.

In this case, the officers had a legitimate reason to approach Roberts's townhouse — to apprehend a wanted fugitive believed to be residing there. Based upon their previous observations during the course of surveillance, the officers saw that all guests approached and entered the townhouse through the rear entrance. As the rear patio connected to an adjoining parking lot along a paved sidewalk, it would be reasonable for members of the public to approach the townhouse through the rear entryway as well. Moreover, although a dog was chained in the backyard, the patio was not fenced and contained no signs forbidding trespassers. Accordingly, the officers reasonably approached the rear door to conduct a "knock and talk."

4

Therefore, the district court did not err in denying Roberts's motion to suppress evidence obtained as a result.

In his motion to remand, Roberts asserts that the case should be remanded for resentencing in light of the FSA. The FSA increased the threshold quantities of cocaine base needed to trigger certain mandatory minimum sentences under 21 U.S.C.A. § 841(b) (West 1999 & Supp. 2011). This court has not yet ruled on whether the FSA is retroactively applicable to a defendant, like Roberts, who committed the offense prior to August 3, 2010, the effective date of the FSA, but was sentenced after that date. See United States v. Bullard, 645 F.3d 237, 248 n.5 (4th Cir. 2011) (reserving judgment on "whether the FSA could be found to apply to defendants whose offenses were committed before August 3, 2010, but who have not yet been sentenced").

However, the district court determined Roberts's advisory Guidelines range based upon his status as a career offender, not his drug quantities. Although 21 U.S.C. § 841(b)(1)(B) imposed a mandatory minimum sentence of five years' imprisonment for possession with intent to distribute 12.8 grams of cocaine base, Roberts's status as a career offender governed his subsequent advisory Guidelines range of 262 to 327 months' imprisonment pursuant to the U.S. Sentencing Guidelines Manual § 4B1.1(c)(3) (2010). Accordingly, any change in the minimum mandatory sentence for possession with intent to

5

distribute 12.8 grams of cocaine base would not affect Roberts's sentence.

Accordingly, we affirm the district court's judgment and deny Roberts's motion to remand. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED