**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6491

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COBEY DARON WEBB,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Glen E. Conrad, Senior District Judge.  (7:05-cr-00102-DEC-1)

Submitted:  May 7, 2021                                    Decided:  July 19, 2021

Before NIEMEYER, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by published opinion.  Judge Richardson wrote the opinion, in which Judges Niemeyer and Wynn joined.

Juval O. Scott, Federal Public Defender, Christine Madeleine Lee, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

RICHARDSON, Circuit Judge:

Webb sought a five-year sentence reduction under the First Step Act of 2018. The district court gave him a two-year sentence reduction, considering his rehabilitation efforts in prison and family support alongside his serious offense conduct, extensive criminal history, sentencing-guidelines range, and mandatory-minimum sentence. Webb challenges the adequacy of the district court's reasoning. Finding no error, we affirm.

## I.    Background

After thirty-five state-court convictions over eight years, Webb was federally indicted on twelve counts stemming from a drug conspiracy that involved dealing in crack cocaine and intimidating, assaulting, and robbing other drug dealers. In 2006, Webb agreed to plead guilty to the overall drug conspiracy and to brandishing and discharging a firearm during a drug trafficking crime. Together these two counts required at least twenty years in prison: ten years for each count to run consecutively. *See* 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(A) (2005); 18 U.S.C. § 924(c)(1)(A)(iii). As part of his plea agreement, Webb agreed to the twenty-year minimum sentence. Fed. R. Crim. P. 11(c)(1)(C). And as part of that agreement, the Government agreed to dismiss the other counts, which carried a mandatory fifty additional years of incarceration.

The presentence report described the "offense conduct." J.A. 244–45. Alongside the distribution of crack cocaine, the report described three times when Webb used a firearm in furtherance of his drug trafficking, including a robbery of a rival drug dealer and the attempted armed robbery of another drug dealer. During the attempted armed robbery,

2

Webb brandished his gun, demanded the rival cease selling drugs on Webb's turf, and fired his gun into the air. This incident supported his discharging-a-firearm count.

The report also explained that the plea agreement protected Webb from significant jail time. With a criminal history category of VI and a total offense level of 29, Webb's guideline range was 151 to 188 months for the drug conspiracy plus the 120-month consecutive sentence for the discharging-a-firearm count.

At the sentencing hearing, Webb did not object to the presentence report. With no objection, the court reviewed the report, found it "accurate," and "adopt[ed] the report in its entirety." J.A. 40–41. The court then adopted and implemented the plea agreement, including the agreed-upon twenty-year sentence.

The court explained the twenty-year sentence was the best Webb "could have possibly gotten" given the charges in the indictment, his "abysmal" criminal record, and the "overwhelming" evidence in his case. J.A. 49–50, 72–73. The court noted that it would likely have sentenced Webb to a much higher sentence without the plea agreement but still imposed the agreed-upon sentence under the plea agreement.

Fourteen years after his conviction, Webb filed a Motion for Reduction in Sentence under the First Step Act. Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. The First Step Act made retroactive portions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372, which lowered the mandatory minimum for Webb's drug-conspiracy offense from ten years to five years, *see* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (2010) (mandatory-minimum sentence of 5 years for 28 grams or more of cocaine base), *with* 21

3

U.S.C. § 841(b)(1)(A)(iii) (2005) (mandatory-minimum sentence of 10 years for 50 grams or more of cocaine base). Webb thus asked for a "proportional sentence reduction" under the new mandatory minimum, which would knock five years off his sentence.

Without conceding that Webb was eligible for a sentence reduction, the Government argued that the district court should not exercise its discretion to grant one. The Government pointed to his serious offense conduct, his criminal history, and the benefits he gained through the plea agreement. In making these arguments, the Government relied heavily on the presentence report, specifically citing the portions of the presentence report that discussed the robbery and the attempted robbery. In the alternative, the Government said that if the court were to reduce Webb's sentence, it should do so by no more than two years. This would give Webb a sentence of 96 months on the drug-conspiracy count, the top of his recalculated guidelines range.

After the district court granted Webb a hearing to consider his First Step Act motion, Webb requested production of grand jury transcripts to challenge the facts in the presentence report. The Government opposed this request, and the court reviewed the transcripts *in camera*, explaining that "the transcripts [did not] create any persuasive reason to have those subject to discovery" because they were "essentially consistent with . . . the offense conduct set forth in the original presentence report." J.A. 187–89.

The district court then rejected Webb's proportionate argument in favor of individualized consideration. The district court acknowledged that Webb had "come a long way" since the imposition of his original sentence and that he had "accomplished a lot in prison." J.A. 231. It also acknowledged that Webb was now taking responsibility for his

4

actions in a way he failed to do during his initial sentencing hearing. The district court commended Webb for paying his fine and taking the court's words to heart and considered Webb's compliance, evidence of rehabilitation, and strong family structure. The district court repeatedly acknowledged that these factors motivated it to reduce Webb's sentence.

But the district court weighed those mitigating factors against the aggravating factors, noting Webb's serious offense conduct and extensive criminal history. While acknowledging that Webb might not be "responsible for all the conduct [that was] described in the presentence report," the court found that the offense conduct was "serious and [ ] severe and deserve[d] punishment." J.A. 232. The judge could not ignore the fact that, without the plea agreement, Webb probably would have been in jail for the rest of his life.

Weighing the competing considerations, the district court explained that Webb deserved a reduced in-guidelines sentence, but a sentence at the top of the guidelines range. So the district court sentenced Webb to 96 months on the drug count, leaving undisturbed his consecutive 120-month sentence on the discharging-a-firearm count. Webb appealed.

## II. Discussion

Webb argues that the district court did not adequately explain its decision to reduce his sentence by only two years given the mitigating evidence he presented. But we find that the district court more than adequately explained itself. So we affirm the sentence.

A First Step Act proceeding is not a plenary resentencing. *United States v. Collington*, 995 F.3d 347, 356 n.4 (4th Cir. 2021). And the decision whether to grant any

reduction under the Act "is entrusted to the district court's discretion." *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020).

Even so, a court must still "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the [18 U.S.C.] § 3553(a) factors, determine . . . whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Collington*, 995 F.3d at 360. And at least when the court only partially reduces a defendant's sentence, a Fair Sentencing Act modification requires "an individualized explanation" when the defendant presents a "significant amount of mitigation evidence . . . proffered post sentencing." *United States v. Martin*, 916 F.3d 389, 398 (4th Cir. 2019). But that explanation requires only enough that we are not left "in the dark as to the reasons for" the district court's decision. *Id.*

The explanation the district court gave here was more than sufficient. Webb put on three witnesses that explained Webb had changed in prison and had a family to support him on the outside. Webb also argued that his prison record, his payment of his fine, and his work ethic supported reducing his sentence. The district court acknowledged all these arguments. For example, the district court acknowledged the progress that Webb made in prison. *See* J.A. 231 ("[Y]ou've accomplished a lot in prison."). The district court commended Webb for his compliance with the district court's orders and requests, including paying his fine, learning a trade, obtaining drug counseling, getting an education, supporting his family, and becoming a law-abiding person. The district court also recognized Webb's strong family structure and his full acceptance of responsibility, which differed from his behavior at his initial sentencing hearing. And the district court relied on

6

these considerations in sentencing Webb, explaining that it was *for these reasons* that it was reducing Webb's sentence at all. *See* J.A. 233 ("The Court is reducing your sentence because of your compliance, because of what the Court perceives to be some measure of rehabilitation that you've achieved while you've been in prison, and also today because of . . . the strong family structure that you have.").

But a district court must consider these mitigating arguments alongside the aggravating circumstances. And so the district court here turned to Webb's offense conduct and criminal record to find that a five-year sentence reduction was not warranted. The district court recognized that Webb's plea agreement "was an awfully good one" that "got [Webb] out from under a lot of time" and that the offense conduct was "serious and [ ] severe and deserve[d] punishment." J.A. 231–32. Had Webb "been fully prosecuted, [he'd] be in prison pretty much the rest of [his] life." J.A. 232.

Webb argues that the district court erred in relying on Webb's offense conduct without ordering discovery of the grand jury transcripts. In unspecified ways, Webb suggests that this discovery would have permitted him to confront or contextualize the report's description of Webb's criminal actions. But the district court did not have to provide discovery in this non-plenary resentencing before relying on Webb's offense conduct. As always, the district court here possessed broad discretion in overseeing discovery. *Kolon Indus. Inc. v. E.I. DuPoint de Nemours & Co.*, 748 F.3d 160, 178 (4th Cir. 2014). This is particularly so when the requested discovery was of grand jury transcripts, Fed. R. Crim. P. 6(e)(3)(E), and the district court reviewed those grand jury transcripts *in camera* and concluded that they did not "create any persuasive reason to have

those subject to discovery." J.A. 187. And it remains unclear how discovery could have helped Webb. Webb expressly indicated at his initial sentencing that he had no objections to the facts in the presentence report. And the only reason he requested the transcripts was to attack those facts. Yet Webb could not now use these transcripts to collaterally attack his offense conduct in the First Step Act sentence-reduction hearing. *See United States v. Peters*, 843 F.3d 572, 577–80 (4th Cir. 2016); *United States v. Small*, 720 F.3d 193, 196 (4th Cir. 2013); *see also United States v. Revels*, 455 F.3d 488, 451 n.2 (4th Cir. 2006). Webb fails to identify how else the requested discovery could be relevant, so we find that the district court acted properly in denying discovery of the grand jury transcripts and instead relying on the offense conduct recounted in the adopted presentence report.

In sum, the district court considered Webb's arguments and the nature of Webb's offense, Webb's characteristics, including both his post-sentencing mitigation evidence and his criminal record, his new guidelines sentencing range, and the new statutory mandatory minimum in fashioning Webb's sentence. Nothing more can be required. *See Jackson*, 952 F.3d at 502.

*         *         *

District courts should be afforded significant discretion in addressing requests for sentence reductions under the First Step Act. Far from abusing that discretion, the district court here fully explained its decision to reduce Webb's sentence by two years. Finding no error, the judgment below is

AFFIRMED.

8