**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7424

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTEMAS TYRELL ROBERTS, a/k/a Artimus Tyrell Roberts,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00173-NCT-1)

Submitted:  October 29, 2021                           Decided:  January 14, 2022

Before GREGORY, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G. T. Martin, United States Attorney, Angela H. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Artemas Tyrell Roberts appeals the district court's order denying his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The court found Roberts was eligible for a reduction but denied his motion in its discretion.  On appeal, he contends the court abused its discretion.  We affirm.

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (internal quotation marks and citations omitted).  "To determine the sentence that the court would have imposed under the Fair Sentencing Act, the court must engage in a brief analysis that involves the recalculation of the Sentencing Guidelines in light of 'intervening case law,' and a brief reconsideration of the factors set forth in [18 U.S.C.] § 3553(a)."  *United States v. Lancaster*, 997 F.3d 171, 175 (4th Cir. 2021) (citing *United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021); *United States v. Chambers*, 956 F.3d 667, 672, 674 (4th Cir. 2020)).  "And in considering the § 3553(a) factors, the court can take into account a defendant's conduct after his initial sentencing."  *Id*. at 175.

"Engaging in this analysis nonetheless leaves the court with much discretion, and the analysis is not intended to constitute a plenary resentencing."  *Id*.  (citations omitted). "Moreover, the analysis is not intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors."  *Id*.  "Rather, the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances."

2

*Id*. "If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated." *Id*.; *see also Collington*, 995 F.3d at 358 ("courts retain broad authority to decide, following a resentencing analysis, that the originally imposed sentence remains appropriate under the Fair Sentencing Act.").

We review a district court's First Step Act § 404 proceedings for procedural and substantive reasonableness. *Collington*, 995 F.3d at 358-61. Procedural reasonableness requires the court "to consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id*. at 360 (citation omitted). "[S]ubstantive reasonableness requires a sentence to be justified under the totality of the circumstances, especially when there is a large deviation from the Guidelines range." *Id*. at 360 (citation omitted). We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018).

In evaluating the sufficiency of the district court's explanation, we presume that the court considered relevant sentencing factors. *Collington*, 995 F.3d at 353 n.2; *McDonald*, 986 F.3d at 410-11. We have concluded that a defendant rebuts the presumption, and an individualized explanation is required, when he has presented significant post-sentencing mitigation evidence and the district court's failure to provide an individualized explanation renders us unable to provide meaningful review. *United States v. Webb*, 5 F.4th 495, 499 (4th Cir. 2021); *McDonald*, 986 F.3d at 412; *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019). "But that explanation requires only enough that we are not left 'in the dark

3

as to the reasons for' the district court's decision." *Webb*, 5 F.4th at 499 (quoting *Martin*, 916 F.3d at 398); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) ("the sentencing judge need only 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority'") (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Roberts was convicted in 2011 of possession with intent to distribute 12.8 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced within his Guidelines range of 262 to 327 months under USSG § 4B1.1(c)(3), as a career offender with a § 924(c) conviction, to consecutive sentences of 234 months on his § 841 conviction and 60 months on his § 924(c) conviction, totaling 294 months in prison. On direct appeal, we denied his motion to remand for resentencing under the Fair Sentencing Act, noting he was sentenced based on his career offender status under USSG § 4B1.1(c)(3), not his drug quantity, and "any change in the minimum mandatory sentence for possession with intent to distribute 12.8 grams of cocaine base would not affect Roberts's sentence." *United States v. Roberts*, 467 F. App'x 187, 189 (4th Cir. 2012).

After the First Step Act of 2018, Roberts moved for a sentence reduction under Section 404. The district court found that he was eligible for a reduction but declined to do so in its discretion "based on the information provided in the Memorandum from the U.S. Probation office, the briefing of the parties, and review of the record." The court explained that although his statutory range on his § 841 conviction "changed from 5-40 years to 0-20 years," his "advisory guideline range remains 262-327 months," since the

4

range "is driven, not by the type or amount of any specific drug, but by his being a career offender who possessed a firearm during and in relation to a drug trafficking offense." The court further explained it had selected his sentence in the middle of the range because it was "the least that addressed the § 3553(a) factors, including public safety and deterrence: a person with multiple convictions for violent acts and drug trafficking offenses was continuing in that business and possessing a number of semi-automatic weapons in furtherance of it"; and his "[p]ost-conviction behavior does not favor a reduction."

On appeal, Roberts points to our decision in *United States v. Woodson*, 962 F.3d 812 (4th Cir. 2020), *abrogated by Terry v. United States*, 141 S. Ct. 1858 (2021), and argues that the district court abused its discretion and committed procedural error "by not addressing the *Woodson* shift he specifically argued" and by denying a reduction in his prison sentence on his § 841 conviction. We have reviewed the record and conclude that Roberts has not rebutted the presumption that the court considered relevant sentencing factors in denying his motion, and the court did not err or abuse its discretion. As the court explained, it considered the parties' briefs in reaching its decision; and it properly engaged in a brief reconsideration of the § 3553(a) factors, including Roberts' post-sentencing conduct, before deciding his sentence remained appropriate under the Fair Sentencing Act.

We further conclude that the district court considered his arguments and adequately explained its decision. In *Woodson*, we held that "when the Fair Sentencing Act changed the quantities of crack cocaine to which Subsection 841(b)(1)(C) applies, it 'modified' the statutory penalties of that subsection for purposes of crack cocaine offenders within the meaning of the First Step Act." *Woodson*, 962 F.3d at 817. In explaining our decision, we

5

noted that when addressing a First Step Act § 404 motion in a case where the defendant's statutory range had not changed, a district court may find the shift in the range of drug weights to which the relevant subsection applied, relative to the defendant's drug quantity of conviction, relevant in determining the appropriate sentence for a particular offender.

Roberts contends the district court did not consider this "*Woodson* shift" in denying his motion. However, here, the statutory range for his § 841 conviction did in fact change, and the court specifically considered that fact when denying his motion. Moreover, as the court explained in rejecting his argument, and in contrast to *Woodson*, Roberts' Guidelines range was "driven, not by the type or amount of any specific drug, but by his being a career offender who possessed a firearm during and in relation to a drug trafficking offense."

Regardless of the statutory maximum for Roberts' § 841 offense, his statutory range on his § 924(c) conviction was still life; and his total sentence as a career offender with a § 924(c) conviction was apportioned among his counts of conviction. As the district court explained, it imposed a sentence in the middle of his advisory Guidelines range because it was "the least that addressed the § 3553(a) factors"; and his "[p]ost-conviction behavior does not favor a reduction." The court therefore considered relevant sentencing factors.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*