**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7357**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON LEVON BURTON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, Chief District Judge.  (4:04-cr-00087-MSD-RJK-1)

Submitted:  February 7, 2022                    Decided:  February 9, 2022

Before NIEMEYER and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Aaron Levon Burton, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aaron Levon Burton appeals the district court's orders denying relief on his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b)(1) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"), and granting his motion for a sentence reduction under § 404 of the First Step Act. We affirm.

We first consider Burton's motion for compassionate release. Burton sought his release due the COVID-19 pandemic and asserted that he was at risk of severe illness due to his age and health factors. After reviewing the record, we conclude that the district court did not abuse its discretion in denying the motion. *See United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.) (stating standard of review), *cert. denied*, 142 S. Ct. 383 (2021). The court did not rely on an erroneous factual premise when it determined that Burton did not show a particularized risk of contracting COVID-19 at his institution.

Turning to the district court's order reducing Burton's sentence under § 404 of the First Step Act, we note that "sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (internal quotation marks omitted). There is no doubt that Burton was convicted of a covered offense. "[W]hen imposing a new sentence, a court does not simply adjust the statutory minimum; it must also recalculate the [Sentencing] Guidelines range. Further, the resentencing court has discretion within the § 404(b) framework to vary from the Guidelines and, in doing so, to consider movants' post-sentencing conduct." *Id*. at 409 (citation and internal quotation marks omitted).

2

Where, as here, the defendant is eligible for relief because he was convicted of a covered offense, the district court must analyze the 18 U.S.C. § 3553(a) factors to determine whether to exercise its discretion to reduce the defendant's sentence. First Step Act § 404(c), 132 Stat. at 5222 (stating that First Step Act does not "require a court to reduce [an eligible defendant's] sentence"); *see United States v. Chambers*, 956 F.3d 667, 674 (4th Cir. 2020) ("[T]he § 3553(a) sentencing factors apply in the § 404(b) resentencing context."). Accordingly, we review a district court's decision to grant or deny a sentence reduction under the First Step Act for abuse of discretion. *United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020).

"[W]hen a court exercises discretion to reduce a sentence, the imposition of the reduced sentence must be procedurally and substantively reasonable." *United States v. Collington*, 995 F.3d 347, 358 (4th Cir. 2021). Thus, a district court must "consider a defendant's arguments, give individual consideration to the defendant's characteristics in light of the § 3553(a) factors, determine—following the Fair Sentencing Act—whether a given sentence remains appropriate in light of those factors, and adequately explain that decision." *Id.* at 360. "And at least when the court only partially reduces a defendant's sentence, a Fair Sentencing Act modification requires an individualized explanation when the defendant presents a significant amount of mitigation evidence proffered post sentencing." *United States v. Webb*, 5 F.4th 495, 499 (4th Cir. 2021) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion. The court's explanation in reducing Burton's sentence from life to 288 months' imprisonment was

3

more than adequate.  The court balanced Burton's postsentencing conduct with the nature and circumstances of Burton's criminal conduct and the need for the sentence to reflect the seriousness of the conduct and afford adequate deterrence.  In so doing, the court acknowledged that Burton was seeking a sentence of time served, but found that such a sentence was inadequate in light of the § 3553(a) sentencing factors.

Accordingly, we affirm the district court's orders.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4