**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-7845**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BENJAMIN SANJURJO,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:98-cr-00338-REP-RCY-2)

Submitted: September 30, 2021                     Decided: October 5, 2021

Before KING, AGEE, and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Robert J. Wagner, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Stephen W. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Benjamin Sanjurjo appeals the district court's order denying his motion for a sentence reduction under § 404(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222. The court determined that Sanjurjo was eligible for relief but declined to exercise its discretion to reduce Sanjurjo's sentence. We review a district court's denial of a First Step Act motion for abuse of discretion. *See United States v. Jackson*, 952 F.3d 492, 497, 502 (4th Cir. 2020); *see also United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (discussing standard for assessing abuse of discretion by district court).

On appeal, Sanjurjo challenges the sufficiency of the district court's explanation for denying his motion. "[W]hen evaluating the sufficiency" of a court's explanation for its denial of a First Step Act motion, we "presum[e] that the district court sufficiently considered [the] relevant factors." *United States v. McDonald*, 986 F.3d 402, 410 (4th Cir. 2021). In other words, "in the absence of evidence a court neglected to consider relevant factors, the court does not err in failing to provide a full explanation." *United States v. Smalls*, 720 F.3d 193, 196 (4th Cir. 2013). However, the defendant's "presentation of post-sentencing mitigation evidence" is sufficient to rebut the "presumption that the district court, in fact, considered all of the relevant evidence." *McDonald*, 986 F.3d at 411. Therefore, where the defendant submits post-sentencing arguments or evidence in mitigation, the court must address those submissions, setting forth "enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 409 (internal quotation marks omitted).

2

Here, the district court declined to reduce Sanjurjo's sentence because of his violent criminal history and the nature of the offense. The court did not address Sanjurjo's argument that developments in law and science since his initial sentencing hearing established that his youth at the time of his offense rendered him less culpable than an older offender, thereby warranting a sentence reduction. Because the court's denial does not indicate whether it considered Sanjurjo's argument, we find that the court's explanation was insufficient to permit meaningful appellate review.

Accordingly, while we express no view on the merits of Sanjurjo's motion, we vacate the district court's order and remand so that the court may provide a more detailed explanation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*