**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 20-6165**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DOE,

Defendant - Appellant,

─────────────

**No. 20-6166**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DOE,

Defendant - Appellant,

─────────────

**No. 22-7045**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN DOE,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Richard E. Myers, II, Chief District Judge; Terrence W. Boyle, District Judge.  (7:01-cr-00027-M-1; 7:01-cr-00027-BO-1)

———————————

Submitted:  November 28, 2022                                    Decided:  December 5, 2022

———————————

Before KING, AGEE, and THACKER, Circuit Judges.

———————————

Vacated and remanded by unpublished per curiam opinion.

———————————

John Doe, Appellant Pro Se.  David A. Bragdon, Assistant United States Attorney, Rudy E. Renfer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

John Doe appeals the district court's orders denying his motions for relief under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). We vacate the district court's orders and remand for further proceedings.

We review for abuse of discretion a district court's decision whether to grant a reduction under the First Step Act. *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted). "As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and, "[o]ther than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (cleaned up).

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (cleaned up). In ruling on a First Step Act motion, a district court "must first determine whether the sentence qualifies for reduction—*i.e.*, whether it is eligible for consideration on the merits." *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021)

(internal quotation marks omitted).  Among other criteria, "the sentence sought to be reduced must be for a covered offense." *Id.* (internal quotation marks omitted).  Doe is eligible for a reduced sentence. *See United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019) (concluding defendant was eligible for relief under the First Step Act when he was serving a revocation sentence and had been first convicted of a covered offense under the First Step Act).

The Supreme Court recently clarified how a district court should exercise its discretion when ruling on a First Step Act motion.  When a defendant is eligible for relief, "the First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Concepcion*, 142 S. Ct. at 2402 n.6.  Thus, "[a] district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Id.*  "The district court may then consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id.*

"[W]hen deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' [nonfrivolous] arguments." *Id.* at 2404.  However, a court "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id.*  The district court is not "required to articulate anything more than a brief statement of reasons" or "expressly rebut each argument made by the parties." *Id.* (internal quotation marks

4

omitted).  "All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id.* (cleaned up).

The district court did not calculate a new Guidelines range nor explicitly consider Doe's postsentencing conduct or his other arguments for a lesser sentence.  Accordingly, we vacate the district court's order denying Doe's motions seeking relief under Section 404 and remand for reconsideration in light of *Concepcion*.[1]

Turning to Doe's motion for compassionate release, we review the district court's order for abuse of discretion.  *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021).  We previously vacated the district court's order denying Doe's compassionate release motion to consider an argument that changes in the law meant that Doe had overserved his previous sentence.  Because this argument overlapped with Doe's arguments under Section 404, the district court deferred to its prior ruling denying Doe relief.  Since we are vacating this ruling, we think it prudent to also vacate the district court's order denying Doe's compassionate release motion as well.  On remand, the district court may consider all of Doe's arguments—including those made in his August 2022 supplemental filing—under Section 404 and the compassionate release statute.  While Doe requests that we direct reassignment to a different district judge, we decline his request to do so.[2]  *See United States v. McCall*, 934 F.3d 380, 384 (4th Cir. 2019).

---

[1] Doe also seeks to challenge several sealing decisions, but we have already ruled on the merits of these challenges, and we do not revisit our prior decisions.

[2] Doe is a voluminous filer, whose numerous filings have made case management difficult for the district court.  We applaud the district court's efforts to handle the various matters in this case efficiently and expeditiously.

5

Accordingly, we vacate the district court's orders and remand for further proceedings. By this disposition, we express no view on whether Doe is entitled to a reduced sentence under Section 404 or 18 U.S.C. § 3582(c)(1)(A). We grant Doe's motions to seal, to proceed by pseudonym, and to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*