**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 21-7655**

————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LANTIS JETON YOUNG,

                Defendant - Appellant.

————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:00-cr-00131-GCM-1)

————————

Submitted:  January 17, 2023                    Decided:  January 19, 2023

————————

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

————————

Vacated in part and remanded, and affirmed in part by unpublished per curiam opinion.

————————

Lantis Jeton Young, Appellant Pro Se.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lantis Jeton Young appeals the district court's order denying his motion for reduction of sentence under section 404 of the First Step Act of 2018 (FSA 2018), Pub. L. No. 115-391, 132 Stat. 5194, 5222, and his request for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and its order denying his motion for reconsideration.  We vacate the district court's orders in part and remand for further proceedings and affirm in part.

We review for abuse of discretion a district court's decision whether to grant a sentence reduction under the FSA 2018.  *United States v. Jackson*, 952 F.3d 492, 497 (4th Cir. 2020).  "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law."  *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted).  "As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence," and, "[o]ther than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act [of 2010]'s changes, appellate review should not be overly searching."  *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (cleaned up).

"Under § 404(b) of the [FSA 2018], sentencing courts may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time [a] covered offense was committed."  *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (cleaned up).  In ruling on a sentence reduction motion under the FSA 2018,

a district court "must first determine whether the sentence qualifies for reduction—i.e., whether it is eligible for consideration on the merits." *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021) (internal quotation marks omitted). Young is eligible for a reduced sentence under § 404 the FSA 2018. *See id.* at 174-75.

The Supreme Court recently clarified how a district court should exercise its discretion when ruling on a sentence reduction motion under the FSA 2018. When a defendant is eligible for relief, "the [FSA 2018] directs district courts to calculate the [Sentencing] Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Concepcion*, 142 S. Ct. at 2402 n.6. "The district court may then consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id.*

"[W]hen deciding a [sentence reduction] motion [under the FSA 2018], district courts [also] bear the standard obligation to explain their decisions and demonstrate that they considered the parties' [nonfrivolous] arguments." *Id.* at 2404. However, a court "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id.* The district court is not "required to articulate anything more than a brief statement of reasons" or "expressly rebut each argument made by the parties." *Id.* (internal quotation marks omitted). "All that the [FSA 2018] requires is that a district court make clear that it reasoned through the parties' arguments." *Id.* (cleaned up).

Here, the district court did not explicitly consider Young's postsentencing conduct and other arguments in mitigation for a reduced sentence. Accordingly, we vacate the

3

portions of the district court's orders denying Young's motion for a sentence reduction under section 404 of the FSA 2018 and remand for further consideration in light of *Concepcion*.

Turning to Young's request for compassionate release, we conclude that the district court did not abuse its discretion in determining that such release was not warranted based on post-sentencing changes in the law relative to 18 U.S.C. § 924(c) sentences, the COVID-19 pandemic, and relevant 18 U.S.C. § 3553(a) factors. *See United States v. Kibble*, 992 F.3d 326, 329, 331-32 & n.3 (4th Cir.) (per curiam) (stating that district court's denial of compassionate release motion is reviewed for abuse of discretion and that district courts are to consider relevant § 3553(a) factors), *cert. denied*, 142 S. Ct. 383 (2021); *United States v. High*, 997 F.3d 181, 188-91 (4th Cir. 2021) (discussing amount of explanation required for denial of compassionate release motion). Accordingly, we affirm the portions of the district court's orders denying Young's request for compassionate release. *United States v. Young*, No. 3:00-cr-00131-GCM-1 (W.D.N.C. July 13 & Nov. 8, 2021).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED IN PART AND REMANDED,*
*AFFIRMED IN PART*

4