**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 20-7719**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS FLOYD LITTLEJOHN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:90-cr-00231-MR-WCM-5)

_____

Submitted:  August 29, 2023                    Decided:  October 10, 2023

_____

Before GREGORY, WYNN, and QUATTLEBAUM, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion. Judge Quattlebaum dissents.

_____

Thomas Floyd Littlejohn, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Floyd Littlejohn appeals the district court's order denying his motion for relief under section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). For the reasons explained below, we vacate the district court's order and remand for further proceedings.[*] Judge Quattlebaum would affirm the district court's order.

We review for abuse of discretion a district court's decision whether to grant a reduction under the First Step Act. *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted). "As a general matter, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence" and, "[o]ther than legal errors in recalculating the Guidelines to account for the Fair Sentencing Act's changes, appellate review should not be overly searching." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022) (cleaned up).

"Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time

---

[*] We held this appeal in abeyance for this court's decision in *United States v. Wood*, No. 20-6508, 2023 WL 4888872 (4th Cir. Aug. 1, 2023) (argued but unpublished).

the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (cleaned up). In ruling on a First Step Act motion, a district court "must first determine whether the sentence qualifies for reduction—i.e., whether it is eligible for consideration on the merits." *United States v. Lancaster*, 997 F.3d 171, 174 (4th Cir. 2021) (internal quotation marks omitted). Among other criteria, "the sentence sought to be reduced must be for a covered offense." *Id*. (internal quotation marks omitted). As the district court correctly concluded here, Littlejohn, who was convicted in 1991 of multiple narcotics offenses involving various quantities of both crack cocaine and powder cocaine, is eligible for a reduced sentence. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020) (holding that a defendant is convicted of a "'covered offense'" under the First Step Act "where he was charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine").

The Supreme Court recently clarified how a district court should exercise its discretion when ruling on a First Step Act motion. When a defendant is eligible for relief, "the First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Concepcion*, 142 S. Ct. at 2402 n.6. Thus, "[a] district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Id*. "The district court may then consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id*.

"[W]hen deciding a First Step Act motion, district courts bear the standard obligation to explain their decisions and demonstrate that they considered the parties' [nonfrivolous] arguments." *Id*. at 2404. However, a court "may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id*. The district court is not "required to articulate anything more than a brief statement of reasons" or "to expressly rebut each argument made by the parties." *Id*. (internal quotation marks omitted). "All that the First Step Act requires is that a district court make clear that it reasoned through the parties' arguments." *Id*. (cleaned up).

The record reveals that the district court did not calculate a new Guidelines range or fully consider Littlejohn's argument that his 1983 North Carolina conviction for assault with a deadly weapon inflicting serious injury no longer qualifies as a career offender predicate. This argument finds some support in our case law, *e.g.*, *United States v. Mills*, 917 F.3d 324, 329-30 (4th Cir. 2019) (recognizing, without deciding, that we have "some doubts" as to whether such a North Carolina conviction qualifies as "a crime of violence under the current version of the Sentencing Guidelines"), and thus is not frivolous. Accordingly, we vacate the district court's order and remand for further consideration of Littlejohn's motion under the two-step paradigm set forth in *Concepcion* and consistent with our rulings applying *Concepcion*, including *United States v. Troy*, 64 F.4th 177, 184 (4th Cir. 2023), and *Reed*, 58 F.4th at 822-24. We express no opinion as to the outcome of the district court's decision on remand.

4

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*