**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-6172**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL EDWARD JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Senior District Judge.  (3:96-cr-00123-GCM-1)

Submitted:  July 30, 2024                          Decided:  August 2, 2024

Before NIEMEYER, Circuit Judge, and MOTZ and KEENAN, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Edward Jones, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Edward Jones appeals the district court's order granting his motion for a sentence reduction under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA"). In 1997, Jones was convicted of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1), possession of a firearm during the course of a drug trafficking offense and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 924(c)(1), 2 (Count 2), possession with intent to distribute cocaine base and aiding and abetting such conduct, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (Count 3), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g), 924 (Count 7). Jones received a life sentence for Count 1 and lesser sentences for Counts 3 and 7, to run concurrently. Jones also received a 60-month mandatory sentence for Count 2 to run consecutively to the other sentences. His convictions and sentence were affirmed. *See United States v. Mitchell*, No. 97-4451, 1997 WL 753312 (4th Cir. Dec. 5, 1997) (unpublished).

In January 2020, Jones moved for a sentence reduction, urging the district court to reconsider the murder cross-reference applied toward his Sentencing Guidelines range because he was never charged with murder. And he asserted that he was entitled to a sentence reduction because he was convicted of a covered offense. Jones supplemented his motion requesting a sentence of time-served, noting that the Sentencing Guidelines were now advisory, and contending that he must be sentenced based on the drug amounts as described in the indictment.

2

The district court concluded that Jones was eligible for a sentence reduction and resentenced Jones to a total of 660 month's imprisonment. The court supported the reduced sentence with references to the 18 U.S.C. § 3553(a) sentencing factors. "Under § 404(b) of the First Step Act, sentencing courts may impose a reduced sentence as if section[s] 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *United States v. McDonald*, 986 F.3d 402, 408-09 (4th Cir. 2021) (internal quotation marks omitted). Where, as here, the defendant is eligible for relief because he was convicted of a covered offense, the district court must analyze the § 3553(a) factors to determine whether to exercise its discretion to reduce the defendant's sentence. But the court is not required to reduce a sentence. First Step Act § 404(c), 132 Stat. at 5222 (stating that FSA does not "require a court to reduce [an eligible defendant's] sentence"). We review a court's decision to grant or deny a sentence reduction under the FSA for abuse of discretion. *United States v. Reed*, 58 F.4th 816, 819 (4th Cir. 2023).

After reviewing the district court's resentencing, we conclude that the court did not abuse its discretion in reducing Jones' sentence with reference to the appropriate § 3553(a) sentencing factors. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3