[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12132

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MALCOM ANWAR WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60120-KAM-2

_____

2                          Opinion of the Court                          24-12132

Before BRANCH, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Malcom Anwar Williams is serving 151 months' imprisonment after pleading guilty in 2015 to Hobbs Act robbery. He appeals the denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court abused its discretion when denying his motion by failing to consider his substantial rehabilitation efforts and his other arguments as to why he would receive a lower sentence if he were sentenced today. The government in turn moves for summary affirmance.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review *de novo* whether a defendant is eligible for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit).

The "district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination," makes clearly erroneous factual findings, or "commits a clear error of judgment." *Id.* at 911–12.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), however, provides the following limited exception:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

"The 'applicable policy statement[]' to which § 3582(c)(1)(A) refers states, in turn, that, the court may reduce a term of imprisonment if, as relevant here, it 'determines that . . . the defendant is not a danger to the safety of any other person or to the community.'" *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quoting U.S.S.G. § 1B1.13). The policy statements in § 1B1.13 apply to all 18 U.S.C. § 3582(c)(1)(A) motions, and "district courts may not reduce a sentence under Section 3582(c)(1)(A)

unless a reduction would be consistent with 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quotations omitted). Thus, under § 3582(c)(1)(A), the district court may reduce a movant's imprisonment term if: (1) there are extraordinary and compelling reasons for doing so, (2) the factors listed in 18 U.S.C. § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in U.S.S.G. § 1B1.13. *Tinker*, 14 F.4th at 1237. If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

Here, Williams argued that a sentencing reduction was warranted based on post-sentencing changes to the law that would have resulted in a lower sentence if he were sentenced today.[2] He also proffered his rehabilitative efforts in prison and asserted that he would pose no danger if released. The district court denied Williams's motion for compassionate release on the ground that Williams would be a danger to the community if released. The district court noted that it had made the same finding in ruling on an earlier § 3582(c) motion,[3] citing Williams's 15 prior felony

---

[2] Williams argued that he established the existence of extraordinary and compelling reasons under the "other reasons" category in U.S.S.G. § 1B1.13(b)(5), or the "unusually long sentence" category in § 1B1.13(b)(6).

[3] Williams filed a *pro se* § 3582(c) motion for a sentence reduction in 2020 based on changes to the law since his sentencing that would have resulted in a lower

convictions, "including strong arm robbery, two burglaries, two felon in possessions, two grand thefts, five attempted automobile thefts, one battery on a law enforcement officer, one fleeing and eluding and one possession with the intent to distribute." The district court explained that "nothing ha[d] changed" to alter its prior conclusion.[4] Accordingly, the district court denied Williams's

---

guidelines range. The district court denied the motion, concluding that (1) it lacked the authority to reduce Williams's sentence because, at that time, a change in the law was not one of the listed extraordinary and compelling reasons listed in U.S.S.G. § 1B1.13; (2) even if it had the authority to reduce Williams's sentence, the 18 U.S.C. § 3553(a) factors did not support his early release; and (3) he was still a danger to the community based on his lengthy criminal history. We affirmed on appeal. *United States v. Williams*, No. 20-14360, 2021 WL 6101491 (11th Cir. Dec. 21, 2021) (unpublished).

[4] Citing decisions from the Fourth Circuit, Williams argues that when, as here, a defendant provides evidence of post-sentencing rehabilitation, the district court cannot merely rely on the defendant's prior criminal behavior and instead must provide a detailed explanation as to why the defendant's rehabilitation does not warrant a sentence reduction under § 3582(c). *See, e.g.*, *United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring) (separately concurring and affirming the denial of a § 3582(c)(2) motion, but disagreeing with the government's assertion that a district court satisfies its duty to consider the § 3553(a) factors "by merely recounting the considerations that supported the original sentence" and stating that various other post-sentencing factors may be relevant); *United States v. McDonald*, 986 F.3d 402, 411–12 (4th Cir. 2021) (vacating and remanding the form order denial of defendants' motions for a sentence reduction under § 404(b) of the First Step Act because where defendants present post-sentencing mitigation evidence, the district court is required "to provide an explanation on the record of its reasons for deciding a sentencing reduction motion"); *United States v. Martin*, 916 F.3d 389, 396–97 (4th Cir. 2019) (vacating and remanding the denial of a § 3582(c) motion because district court focused solely on

motion because he failed to satisfy one of the necessary policy statements in § 1B1.13.

Contrary to Williams's argument on appeal, the district court did not fail to consider his rehabilitative efforts. Rather, the district court implicitly considered Williams's rehabilitation arguments when, after reviewing his motion, it determined that "nothing ha[d] changed" to alter its conclusion that Williams remained a danger to the community if released. Because one of the required conditions in U.S.S.G. § 1B1.13 for a sentence reduction was not satisfied, the district court did not abuse its discretion in denying Williams's motion. *Giron*, 15 F.4th at 1347–48; *Tinker*, 14 F.4th at 1237–38.

Accordingly, the government's motion for summary affirmance is **GRANTED**.

---

defendant's criminal behavior and failed to "provide an individualized explanation for why [the defendant's] steps toward rehabilitation are meaningless"). However, those cases are out-of-circuit precedent and are not binding on this Court. *In re Bowles*, 935 F.3d 1210, 1217 (11th Cir. 2019) ("We are not bound by the decisions of our sister circuits." (alteration adopted) (quotations omitted)).